18244, 18245. BEARDEN *v.* THE STATE (two cases).

18246, 18247. WEAVER *v.* THE STATE (two cases).

LUKE, J. These cases, while here on separate writs of error, are identical upon facts, the same errors are assigned in each of the separate motions for a new trial, and they are briefed and considered together. The de-

Criminal Law, 16 C. J. p. 1049, n. 82; p. 1050, n. 84.
Intoxicating Liquors, 33 C. J. p. 759, n. 98; p. 761, n. 53.

fendants in the trial court were charged with violating the prohibition statute. The State proved that in the automobile of the defendants there were some fifty cans, all of which contained some quantity of intoxicating liquor, except two or three which contained only gasoline. The defendants introduced no evidence, but in their statements to the jury claimed that they had bought the cans a short distance away from a man they had stopped for the purpose of buying from him some repairs for one of their automobile tires. The positive evidence and all the circumstances amply authorized the verdict of guilty.

The special grounds of the motion which attack the charge of the court, when the charge is considered in its entirety, are without merit. The defendants have been ably defended, and have had a fair and legal trial. The motion for a new trial in each case was properly overruled.

   *Judgments affirmed. Broyles, C. J., and Bloodworth, J., concur.*

     DECIDED JULY 26, 1927.

Possessing liquor; transporting liquor; from Gordon superior court—Judge Pittman. April 25, 1927.

*Joseph M. Lang,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.